UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW S. FULKERSON,

    Plaintiff,

v.

                                       Case No. 3:17-cv-560-J-34JRK

GAIL S. RUSSELL, et. al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant Bradford County Sheriff's Department's Motion to Dismiss (Doc. 16; Motion), filed on July 31, 2017. Plaintiff Andrew S. Fulkerson filed a response on August 9, 2017. See Plaintiff's Answer to Defendant Bradford County Sheriff's Department's Motion to Dismiss (Doc. 22; Response).[1] Accordingly, this matter is ripe for review.

## I.    Background

Plaintiff Andrew S. Fulkerson (Fulkerson or Plaintiff) initiated this action on May 15, 2017, by filing a complaint in which he named as Defendants the Bradford County Sheriff's Department (BCSD), BCSD Officers Gail S. Russell (Russell) and Kevin D. Mueller (Mueller), and Gordon Smith (Smith), Sheriff Elect of Bradford County. See Complaint for Violation of Civil Rights (Doc. 1). On June 22, 2017, Fulkerson filed an amended complaint,

---

[1]     It appears that Fulkerson omitted what he intended to be page four from the Response. See generally Response. To avoid confusion, the Court will cite to the page number stamped by the Court's CM/ECF docketing system found at the top right of the document.

1

which is the operative complaint before the Court. See Plaintiff's First Amended Complaint, (Doc. 15; Complaint).[2]

In the Complaint,[3] Fulkerson sets forth a series of facts which he contends relate to his August 4, 2013 unlawful arrest by Officer Russell, id. at 4, ¶1, and mistreatment by Officers Russell and Mueller during and after the booking process, id. at 6-8, ¶¶5-8. Fulkerson also alleges that Officer Mueller arrested Joshua Kevin Pelham, Fulkerson's live-in partner, to retaliate against Fulkerson for complaints that Fulkerson lodged against Officer Mueller. Id. at 10, ¶13. Ultimately, the Bradford County Circuit Court entered a nolle prosequi on the criminal charge stemming from Fulkerson's August 4, 2013 arrest. Id. at 10-11, ¶14. Fulkerson alleges that his experience at the Bradford County Jail aggravated his pre-existing post-traumatic stress disorder, and that he has been unable to relieve his symptoms because of his financial constraints and his inability "to find a competent practitioner." Id. at 9, ¶12.

Based on his allegations, Fulkerson asserts a variety of federal and state law claims against Officers Russell and Mueller. See generally id. Specifically, Fulkerson asserts civil rights claims under 42 U.S.C. §1983 (Section 1983) for false arrest against Officer Mueller (or Russell[4]) (Count I) and Officer Russell for use of excessive force (Count II), a state law

---

[2] In reviewing the Complaint, the Court notes that instead of consecutively numbering all paragraphs of the Complaint, in each new count Fulkerson repeatedly restarts with a new paragraph one. See id. at 1, 3-4, 11, 14-16, 18-19, 21. Thus, the Court will cite to the page and paragraph number for clarity of reference.

[3] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

[4] Although Fulkerson's description of Count I suggests that he intends to assert the claim against Officer Mueller, all of the factual allegations within Count I discuss Officer Russell's conduct. See Complaint at 11-14, ¶¶1-9.

battery claim against Officer Russell (Count III),[5] a federal claim for violation of Fulkerson's protected right of petition purportedly brought pursuant to 18 U.S.C. §1512(d)(3) against Officer Russell (Count IV), a claim for conspiracy to violate Fulkerson's rights identified in Count IV against Officer Mueller (Count V), and a claim for violation of Fulkerson's First Amendment right to petition based on Officer Mueller's alleged tampering with, or influencing the timing of, a witness in a federal civil proceeding (Count VI). Id. at 11-21. Additionally, and of particular significance to the instant Motion, Fulkerson asserts one claim, Count VII, against Sheriff Smith, in his individual and official capacity, as well as the BCSD for failure to supervise Officers Russell and Mueller, and causing the alleged constitutional violations by virtue of "de facto departmental policy or custom." Id. at 22.

## II.    Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the . . . claim is and the grounds

---

[5]     Fulkerson also appears to include a federal Section 1983 excessive force claim in Count III.

3

upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## III. Discussion

In the Motion, BCSD argues that Fulkerson's claim against BCSD fails because BCSD is not a legal entity capable of being sued.[6] See Motion at 1-2. In response, Fulkerson argues that BCSD's case law suggesting that BCSD lacks the capacity to be sued is inapplicable. See Motion at 3-4. He also contends that the Motion should be denied on procedural grounds because BCSD improperly seeks dismissal under Rule 12(b)(6) and the Motion is impermissibly vague in violation of Rule 8(d)(1). See Response at 1-3. The Court will begin its analysis by considering whether BCSD has the capacity to be sued.

The Eleventh Circuit recognizes that "police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Nevertheless, the Barber Court instructed that "'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" Id. (quoting Rule 17(b)). In Florida, "'where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit.'" See Fla. City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)).

Notably, "Florida courts have consistently found that City Police Departments are **not** entities capable of suit." Blandin v. Cnty. Of Charlotte, No. 2:07-cv-691-FtM-29DNF,

---

[6] BCSD asserts that "there is no such legal entity in the State of Florida known as the Bradford County Sheriff's Department." See Motion at 1. It appears that the proper name of the law enforcement entity is the Bradford County Sheriff's Office. Because the parties accept Fulkerson's denomination of the Defendant, the Court will follow the parties and address the substantive challenge to naming a sheriff's entity as a defendant in this case.

2009 WL 2634419, at *4 (M.D. Fla. Aug. 24, 2009); see also Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 700-01 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued.")[7]; Williams v. Miami-Dade Police Dep't, 297 F. App'x 941, 945 (11th Cir. 2008) ("Under Florida law, police departments are not legal entities amenable to suit."); Smith v. Gadsden Cnty. Sheriffs Office, No. 4:11-cv-573-RH/CAS, 2012 WL 2428261, at *1 (N.D. Fla. May 29, 2012) ("The Sheriff's Office is not an entity that may be sued under Florida law."), adopted sub nom, Smith v. Young, 2012 WL 2428222 (N.D. Fla. Jun. 27, 2012); Griffin v. Hillsborough Cnty. Sheriff, No. 8:09-cv-1440-T-23TGW, 2009 WL 4547054, at *2 (M.D. Fla. Nov. 30, 2009) ("Under Florida law, a police department lacks a separate legal identity apart from the city and is not an entity subject to suit."); Everett v. Marianna Police Dep't, No. 5:07-cv-284/RS/MD, 2008 WL 222713, at *2 (N.D. Fla. Jan. 25, 2008) ("[T]he Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city."); Mann v. Hillsborough Cnty. Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996). Indeed:

> [u]nder Florida law, there are constitutionally created political subdivisions called "counties" and separately created constitutional officers including a sheriff. Fla. Const. art. VIII, §§ 1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Office" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office or Department given authority to be sued in such a name. For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity.

---

[7] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

6

Oates v. Jackson Cnty. Sheriff's Office, No. 5:09-cv-303/RS-MD, 2010 WL 785657, at *2 (N.D. Fla. Mar. 4, 2010) (internal citations omitted); see also Marchese v. Escambia Cnty. Sheriff's Dep't, No. 3:15-cv-215-MCR/EMT, 2015 WL 9685553, at *2 (M.D. Fla. Dec. 19, 2015), adopted, 2016 WL 109983 (M.D. Fla. Jan. 8, 2016); Wicher v. Osceola Cnty. Sheriff's Office, No. 6:10-cv-1072-Orl-22GJK, 2011 WL 13136514, at *3 (M.D. Fla. Sept. 16, 2011); Wilson v. Sarasota Cnty. Sheriff's Dep't, No. 8:10-cv-489-T-27EAJ, 2011 WL 308964, at *1 (M.D. Fla. Jan. 7, 2011), adopted, 2011 WL 308181 (M.D. Fla. Jan. 27, 2011). The police department is simply "the vehicle through which the city fulfills its policing functions." Mann, 946 F. Supp. at 970; Townsend v. Guity, No. 8:16-CV-854-T-36AEP, 2017 WL 2311763, at *2 (M.D. Fla. May 26, 2017); Miller v. Tampa Police Dep't, No. 8:10-cv-487-T-33EAJ, 2010 WL 2854259, at *1 (M.D. Fla. Jul. 21, 2010).

Here, nothing in the Complaint even arguably suggests that BCSD is anything other than the policing function of Bradford County. See Am. Humanist Ass'n v. City of Ocala, 127 F. Supp. 3d 1265, at 1273 (M.D. Fla. Aug. 31, 2015) ("OPD is clearly integral to the City's policing functions, since no other police departments exist to police the City."). Therefore, even liberally construing the Complaint, Fulkerson fails to allege any facts supporting a finding that BCSD is a legal entity with the capacity to be sued under Florida law.

Fulkerson, perhaps recognizing the deficiencies of his allegations, contends that "since the Defendant [BCSD] directly governs, in part, along with the Florida State attorney, prosecution of criminal offenses, it falls [sic] that the Defendant is a 'Local Governing Body' for the purposes of Monell, rendering the progeny of Barber, supra., to be constructively moot." See Response at 4. Preliminarily, the Court notes that Fulkerson points to no

factual allegations in his Complaint that support this argument asserted in the Response. More importantly, the legal premise that Barber is somehow "moot" is unavailing. In Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978), the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." However, in Barber, the Eleventh Circuit recognized that the question before it was "not whether the Jefferson County Sheriff's Department [wa]s a 'person' for the purposes of liability under Monell and section 1983, but whether the Department [wa]s a legal entity subject to suit." 951 F.2d at 1214. Likewise, the question before the Court is not whether BCSD is a person under § 1983, but whether BCSD is a legal entity capable of being sued under Florida law. See Mann, 946 F. Supp. at 970 ("The question here . . . is not whether the Hillsborough County Sheriff's Office is a person within the meaning of Monell, but whether the Department is a legal entity capable of being sued."). Thus, Fulkerson's suggestion that Barber, which is binding Eleventh Circuit precedent, is moot or somehow inapplicable is lacking in merit. As such, the Court does not find Monell instructive to the resolution of the Motion.

For claims intended to be brought against a sheriff's department, the proper defendant is the sheriff in his or her official capacity. See Marchese, 2015 WL 9685553 at *2; Smith, 2012 WL 2428261 at *1; Wilson, 2011 WL 308964 at *1; Oates, 2010 WL 785657 at *2. Fulkerson has sued Sheriff Smith in his official capacity, and as such naming BCSD as a defendant is both unnecessary and redundant. Thus, BCSD is due to be dismissed as a defendant for this additional reason.

Fulkerson also argues that the Motion is due to be denied because BCSD seeks relief under Rule 12(b)(6) instead of "a rule that specifically addresses the issue of personal

jurisdiction." See Response at 2. However, the issue raised simply is not one of personal jurisdiction. Moreover, courts throughout the Eleventh Circuit have recognized that Rule 12(b)(6) is the appropriate vehicle to challenge whether a party has the capacity to sue or be sued. See Faulkner, 523 F. App'x at 700-01 (affirming the dismissal of a county sheriff's office under 28 U.S.C. § 1915(e)(2)(B), which "is governed by the same standard as dismissal under" Rule 12(b)(6)); Marchese, 2015 WL 9685553 at *3 (granting a motion to dismiss under Rule 12(b)(6) because the Escambia County Sheriff's Department lacked the capacity to be sued under Florida law); Zaee v. Abbeville Police Dep't, No. 1:14-CV-700-WKW, 2015 WL 222592, at *2 (M.D. Ala. Jan. 6, 2015) (same); Cooper v. City of Starke, Fla., No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *4 (M.D. Fla. Mar. 23, 2011) (noting that the finding "is frequently made at the motion to dismiss stage in the proceedings."); Miller, 2010 WL 2854259 at *1; Blandin, 2009 WL 2634419 at *5; Radcliffe, 2009 WL 153138 at *2.[8] Indeed, one cannot state a claim upon which relief can be granted against an entity that is not subject to suit.

Finally, Fulkerson contends that the Motion should be denied because BCSD does not explain how the Florida Constitution supports its position with sufficient clarity in

---

[8] But see Blue Water Enters., Inc. v. Town of Palm Beach, Fla., No. 16-81771-CIV-MARRA/MATTHEWMAN, 2017 WL 3895592, at *6 (S.D. Fla. Sept. 6, 2017) ("Plaintiff should have an opportunity to conduct discovery on th[e] issue" of whether the Coral Gables Police Department had a "legal existence separate and apart from the Town itself" because "[a]ny facts supporting this statement [we]re in the possession of Defendants."); Rodriguez v. City of Clermont, No. 5:08-cv-204-Oc-10GRJ, 2009 WL 395737, at *4 (M.D. Fla. Feb. 17, 2009) (denying a motion to dismiss claims brought against a police department because the court could not determine whether the police department was an integral part of the government from the complaint); Artubel v. Colonial Bank Grp., No. 8:08-cv-179-T-23MAP, 2008 WL 3411785, at *7 (M.D. Fla. Aug. 8, 2008) (same); Ball v. City of Coral Gables, No. 07-20949-CIV, 2007 U.S. Dist. LEXIS 97620, at *6 (S.D. Fla. Dec. 19, 2007) (same); Hatten v. Davis, No. 203-CV-114-FTM-29DNF, 2005 WL 3186183, at *2 (M.D. Fla. Nov. 29, 2005) (same). In the instant Complaint, unlike the cases cited here, Fulkerson does not attempt to allege any fact suggesting that BCSD is a separate legal entity subject to suit.

violation of Rule 8(d)(1).  See Response at 3.  Rule 8(d)(1) provides that all allegations within a pleading "must be simple, concise, and direct."  However Rule 8(d) "only applies to 'pleadings,' and a motion to dismiss is not a pleading." United States v. Stoecklin, 848 F. Supp. 1521, 1527 (M.D. Fla. 1994); see also Fortner v. Thomas, 983 F. 2d 1024 (11th Cir. 1993) ("It is well established in this circuit that a motion to dismiss is not considered a responsive pleading for purposes of rule 15(a)."); Lawhorn v. Atl. Refining Co., 299 F. 2d 353, 356 (5th Cir. 1962) (acknowledging that "Rule 12(b) makes a clear distinction between a pleading and certain motions, including a motion to dismiss.")[9]; Barlow v. I.R.S., No. 95-695-Civ-J-20, 1995 WL 795121 (M.D. Fla. Nov. 30, 1995) ("A motion is not considered to be a 'pleading.'").  Pleadings are defined by Rule 7(a), which provides that a pleading is: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." See Rule 7(a); see also Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) ("Rule 7 explicitly excludes everything else from its definition of pleadings.").  As such, the Motion is not a pleading and not governed by Rule 8(d).  Regardless, the Court finds that BCSD has stated its position with sufficient clarity to enable Fulkerson to respond to, and the Court to resolve, the issues raised in the Motion.  Although the Motion is brief, BCSD adequately states its basis for relief and provides legal authority to support its position.

---

[9]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Upon consideration of the authority cited by BCSD, the arguments of the parties, and the additional authority cited above, the Court finds that the Motion is due to be granted. Accordingly, it is **ORDERED**:

1. Defendant Bradford County Sheriff's Department's Motion to Dismiss (Doc. 16) is **GRANTED**, and the claims against Defendant Bradford County Sheriff's Department are **DISMISSED.**

2. The Clerk of the Court is directed to terminate Defendant Bradford County Sheriff's Department from the Court docket.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record
Pro Se Parties

11